```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION


WELLS FARGO BANK, N.A.,        )
                               )
    Plaintiff,                 )
                               )
vs.                            )  CIVIL ACTION NO. 12-00275-B
                               )
CHRISTOPHER K. RILEY,          )
                               )
    Defendant.                 )
```

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff Wells Fargo Bank, N.A.'s Motion For a Change of Venue. (Doc. 8). Upon consideration, the undersigned recommends that Plaintiff's motion be granted, and that this action be transferred to the Northern District of Florida, Pensacola Division.

**Background**

Plaintiff Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") filed this action on April 19, 2012, against Defendant Christopher K. Riley (hereinafter "Defendant" or "Riley") for breach of a settlement agreement. (Doc. 1). According to the Complaint, the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, approved a settlement agreement between Wells Fargo and Riley on December 15, 2009. Under the settlement agreement, Riley reaffirmed a debt owing to Wells Fargo as a result of a personal guaranty, agreed to pay certain sums set forth in the

settlement agreement, and further agreed that in the event of a default in payment, Wells Fargo would be entitled to a judgment against Riley for any outstanding balance.  Wells Fargo asserts that Riley is in default and seeks judgment against him for $845,945.55, plus interest from December 1, 2010, attorney's fees, and costs. (Id.)

In the Complaint, Wells Fargo asserts that its main office and place of business is in Sioux Falls, South Dakota; thus, it is deemed a citizen of South Dakota.  Wells Fargo further asserts that upon information and belief, Riley resides in Mobile, Alabama; thus, venue is proper in this district.  (Id.)  In a Notice dated June 4, 2012 (Doc. 7), Plaintiff advised the Court that attempts to serve Riley with a request for waiver of service and summons, at the Mobile, Alabama, address that he provided, have proven unsuccessful.

Wells Fargo, on August 6, 2012, filed the instant motion requesting transfer of this action to the United States District Court for the Northern District of Florida, Pensacola Division. (Doc. 8). In the motion, Wells Fargo asserts that it "has recently learned that, upon information and belief, Riley resides and is employed in Pensacola, Florida. [Wells Fargo] has contacted Riley's purported employer, who has confirmed Riley's Pensacola employment." (Id. at 2).  Wells Fargo requests, pursuant to 28 U.S.C. § 1404(a), that this action should be transferred to the Northern District of Florida, Pensacola Division for the convenience of the parties. According to

2

Wells Fargo, Riley resides in and is employed in Pensacola, Florida, and this action could have been brought in that district.

**Discussion**

28 U.S.C. § 1404(a) governs the transfer of civil actions from one district court to another. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding the issue of transfer, the Court must first determine whether the proposed venue is one in which the action could have been brought originally by the plaintiff. C.M.B. Foods, Inc. v. Corral of Middle Georgia, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005)("First, the court must determine whether the actions could 'originally have been brought in the proposed transferee district court;' then, the court must determine whether the action should be transferred 'for the convenience of the parties [and] in the interest of justice.'")(quotations omitted). If the proposed venue is proper, the court then considers whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses. Reyes v. JA & M Developing Corp., 2012 U.S. Dist. LEXIS 116324 (S.D. Fla. Aug. 17, 2012). Therefore, before considering whether a transfer is appropriate, the Court's threshold inquiry is whether this action could have been originally commenced in the Northern District of Florida, Pensacola Division.

3

The question of "venue of all civil actions brought in district courts of the United States" is governed by § 1391. 28 U.S.C. § 1391 (a)(1). § 1391(b) provides, in pertinent part, that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought in this section, any judicial defendant in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In its Complaint, Wells Fargo asserts that venue is proper in this district pursuant to § 1391(b)(1) and (2). However, there is nothing in the record to suggest that venue is proper in this district pursuant to 1391(b)(2). The crux of this case centers around Riley's alleged breach of a settlement agreement, that was executed in and approved by the Bankruptcy Court in the Southern District of Florida, West Palm Division. Because a substantial part of the events or omissions giving rise to this action arose in the Southern District of Florida, venue, under 1391(b)(2), is proper in that district.

As noted supra, Plaintiff is seeking to transfer this action to the Northern District of Florida, Pensacola Division. Under

1391(b)(1), venue is proper in that district only if Riley, the sole Defendant in this action, was residing in that judicial district at the time this action was filed. In the Complaint, Plaintiff alleges, based upon information and belief, that Riley resides in Mobile, Alabama.  As best the undersigned can discern, this assertion by Wells Fargo was based upon Riley's alleged representation to Plaintiff that he could only receive mail at a post office box located in Mobile, Alabama.  In its motion seeking a change of venue, Wells Fargo alleges that efforts to effectuate service of the complaint by summons or waiver of service proved unsuccessful and that Wells Fargo recently learned, from Riley's purported employer, that Riley works and resides in Pensacola, Florida.  Assuming the truth of Plaintiff's assertion that Riley is in fact a resident of Pensacola, Florida, and that he was residing in that district at the time this action commenced, then venue would be proper in that district pursuant to 1391(b)(1)[1].

  Because Wells Fargo's initial belief about Riley residency appears to have been faulty, Riley has not been located in this district, and none of the events or omissions giving rise to this dispute is alleged to have occurred in this district, venue is not proper in this district.  Since venue is not proper in this district,

---

[1] A plaintiff's allegations are taken as true unless controverted by a defendant.  <u>Delong Equip. Co. v. Washington Mills Abrasive Co.</u>, 840 F. 2d 843, 845 (11th Cir. 1988).

Wells Fargo's request to transfer venue must be considered under 28 U.S.C. § 1406(a) rather than 28 U.S.C. § 1404(a)[2].  § 1406 (a) provides that when a case is filed in the wrong venue, a district court has discretion to either dismiss the action or in the interest of justice, transfer the case to a district with proper venue.  28 U.S.C. § 1406(a).  Based upon the record before the Court, the undersigned finds that transferring this action to the Northern District of Florida, Pensacola Division, is in the best interest of justice, under the circumstances.  Plaintiff desires to have this case litigated in that district, and based upon the best information available to Plaintiff, it appears that Riley is a resident of that district and is subject to service of process in that district.  Accordingly, the undersigned finds that the interests of justice are served by granting Plaintiff's motion, and transferring this action to the Northern District of Florida, Pensacola Division. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

---

[2] 28 U.S.C. § 1404 (a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. 1404(a).

6

DONE this **21st** day of **August, 2012.**

                                      **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. *Objection*.  Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[3]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.